■ CLAIRE BELL, Appellant, v TOWN BOARD OF THE TOWN OF PAWLING et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a declaratory judgment in another

action entitled *Schemmer v Town of Pawling* (Sup Ct, Dutchess County, May 19, 1986, Jiudice, J.), which provided that under certain stated conditions a section of the Town of Pawling Zoning Ordinance prohibiting kitchens in accessory buildings was invalid with respect to the property of John K. Schemmer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Rosenblatt, J.), entered February 5, 1987, which dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

In this proceeding, the petitioner seeks to review a judgment of the Supreme Court which resulted from a stipulation in an action entitled *Schemmer v Town of Pawling*. The petitioner's parcel of land abuts a parcel owned by John Schemmer, and the challenged declaratory judgment determined that a local zoning ordinance prohibiting kitchens in accessory buildings did not apply to Schemmer's property since the existence of a kitchen in an accessory building housing his farm employees was protected by Agriculture and Markets Law § 305 (2) which limits the extent to which local ordinances may interfere with farm practices.

The petitioner, who was not a party to the *Schemmer* action, is seeking to reverse, by collateral attack, a judgment entered by a court of coordinate jurisdiction. A proceeding pursuant to CPLR article 78 is not the proper vehicle to review such a prior judgment.

It is well settled that a collateral attack will be successful only against a judgment rendered by a court that did not have jurisdiction over the parties or the subject matter. Although fraud is a ground for a collateral attack, the fraud must be such as to deprive the court of jurisdiction *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.43; *Marcus v Marcus,* 194 Misc 464). A challenger will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured *(see, Fuhrmann v Fanroth,* 254 NY 479). Since the petitioner has not made such a showing, the petition was properly dismissed.

We have considered the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.