■ DUNKIN' DONUTS, INCORPORATED, Respondent, v HWT ASSOCIATES, INC., et al., Appellants. (Action No. 1.) MAA COMPANY, INC., Respondent, v HWT ASSOCIATES, INC., et al., Appellants. (Action No. 2.)—In two actions, inter alia, to recover on promissory notes, the defendants appeal from (1) an order of the Supreme Court, Queens County (Santucci, J.), dated August 28, 1990, which denied their motion under CPLR 5015 for restitution in kind from the plaintiff Dunkin' Donuts, Incorporated and to vacate a judgment in Action No. 2 in favor of the plaintiff MAA Company, Inc., on the ground of fraud, and (2) an order of the same court, dated November 15, 1990, which, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated August 28, 1990, is dismissed, as that order was superseded by the order dated November 15, 1990, made upon reargument; and it is further,

Ordered that the order dated November 15, 1990, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendant Won Teh Hwang.

CPLR 5015 permits vacatur of a judgment for fraud in the procurement of the judgment itself, not for the fraud alleged in the pleadings *(see, Fidelity N. Y. v Hanover Cos.,* 162 AD2d 582; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 128 AD2d 821). The defendants' attack on the judgment obtained by MAA Associates was properly rejected.

We agree with Supreme Court, Queens County, that the issue of the leasehold is not properly raised on these papers. The defendants' request that restitution from Dunkin' Donuts be in the form of donut shop equipment rather than cash is academic, as summary judgment in favor of Dunkin' Donuts has been granted in Action No. 1 *(see, Dunkin' Donuts v HWT Assocs.,* 181 AD2d 711 [decided herewith]). Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.