■ MANUEL COFRESI, Respondent, v ANN COFRESI, Appellant. [603 NYS2d 184] —In an action for a divorce and ancillary relief, in which the parties were divorced by judgment dated January 20, 1987, the defendant former wife appeals from an order of the Supreme Court, Queens County (Ambrosio, J.), dated April 18, 1991, which denied her motion to set aside the judgment of divorce.

Ordered that the order is affirmed, with costs.

The defendant sought to vacate the judgment of divorce which was granted on January 20, 1987, on the ground of fraud or misrepresentation (see, CPLR 5015 [a] [3]). Specifically, she alleged that the execution of the parties' separation agreement in July 1985 was permeated by fraud because she was unrepresented by counsel and because her former husband failed to disclose that his law degree (he was then in law school) could possibly be marital property. However, it is well established that a party seeking to set aside a judgment on the basis of fraud "will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured" (Bell v Town Bd., 146 AD2d 729, 730). Accordingly, the defendant's allegations of fraud in the execution of the separation agreement are insufficient to warrant vacating the judgment under CPLR 5015 (a) (3) (see, Altman v Altman, 150 AD2d 304, 307; see also, Fidelity N. Y. v Hanover Cos., 162 AD2d 582). The defendant's remaining allegations failed to affirmatively estab-

lish fraud by clear and convincing evidence *(see,* 8A Carmody-Wait 2d, NY Prac § 63:343). Thus, the court did not improvidently exercise its discretion in denying the defendant's motion.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur