■ HALL SIGNS, INC., Respondent, v ARIES STRIPING, INC., et al., Appellants. [672 NYS2d 789] —In an action to recover payment for goods sold and delivered and for breach of a payment bond, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 1, 1997, which denied the motion of the defendant New York Surety, Inc., to vacate a prior order of the same court granting summary judgment to the plaintiff on the issue of liability and for leave to serve an amended answer.

Ordered that the appeal by the defendant Aries Striping, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (*see,* CPLR 5511) and, in any event, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

A party seeking to vacate a judgment on the basis of fraud " 'will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured' " (*Cofresi v Cofresi,* 198 AD2d 321, citing *Bell v Town Bd.,* 146 AD2d 729; *see also, Balatti v Balatti,* 232 AD2d 593; *Fidelity N. Y. v Hanover Cos.,* 162 AD2d 582).

In the instant matter, the allegations of fraud asserted by

the defendant New York Surety, Inc., relate to the underlying transaction and not to the procurement of the order. Accordingly, the Supreme Court properly denied that branch of the motion of the defendant New York Surety, Inc., which was to vacate the court's prior order (*see, Balatti v Balatti, supra; Cofresi v Cofresi, supra*).

The remaining contentions of the defendant New York Surety, Inc., are without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.