■ STEVEN HABER, Appellant, v NANCY NASSER, Formerly Known as NANCY TOUSSIE, et al., Respondents, et al., Defendants. [734 NYS2d 486] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (S. Leone, J.), dated December 8, 2000, which denied his motion, *inter alia*, pursuant to CPLR 5015 (a) (3) to vacate a prior order of the same court dated February 16, 2000, granting the motion of the defendants Nancy Nasser, f/k/a Nancy Toussie, the Estate of Marie Toussie, and the Estate of Samuel Toussie to dismiss the complaint insofar as asserted against them as time-barred and to cancel and discharge the mortgage.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion pursuant to CPLR 5015 (a) (3) which was to vacate a prior order granting the respondents' motion to dismiss the complaint insofar as asserted against them as time-barred and to cancel and discharge the mortgage (*see, Haber v Nasser,* 289 AD2d 199 [decided herewith]). The alleged statements made by the respondent Nancy Nasser, f/k/a Nancy Toussie, do not qualify as "fraud" or "misrepresentations" within the meaning of CPLR 5015 (a) (3), since they were made during the

underlying transaction and were not the means by which the prior order was procured (*see, Hall Signs v Aries Striping,* 250 AD2d 811; *Balatti v Balatti,* 232 AD2d 593; *Cofresi v Cofresi,* 198 AD2d 321; *Dunkin' Donuts v HWT Assocs.,* 181 AD2d 713).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.