■ IRWIN KATZ, Appellant, v RUTH G. WAITKINS et al., Defendants, and DEAN T. CARSON, Respondent. [761 NYS2d 501] —In an action, inter alia, for a judgment declaring that the defendants abandoned their respective rights in a certain easement of record, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 1, 2002, as, sua sponte, in effect, searched the record and granted summary judgment to the defendant Dean T. Carson on the counterclaim for adverse possession.

Ordered that on the court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]), and it is further,

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and summary judgment is denied to the defendant Dean T. Carson.

The Supreme Court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of a motion for summary judgment before the court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]). However, it may not, sua sponte, grant summary judgment on a cause of action if no party has moved for summary judgment on that specific cause of action (*see Dunham v Hilco Constr. Co., supra* at 429; *Skyline Enters. of N.Y. Corp. v Amuram Realty Co.,* 288 AD2d 292 [2001]; *City Wide Payroll Serv. v Israel Discount Bank of N.Y.,* 239 AD2d 537 [1997]). Here, the record demonstrates that there was no motion for summary judgment by any party relating to the merits of the defendant Dean T. Carson's counterclaim for adverse possession. Therefore, the Supreme Court should not have, sua sponte, granted summary judgment on that counterclaim.

The plaintiff's remaining contention is academic in light our determination. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.