■ MAGLIORE SYLVESTER et al., Appellants, v NEW WATER STREET CORP. et al., Respondents. [791 NYS2d 185]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated December 1, 2003, which denied their motion to "restore" the action to active status and for leave to file a note of issue, granted the separate motion of the defendant Plaza Construction Corp. pursuant to CPLR 3216 and 3126 to dismiss the complaint insofar as asserted against it for failure to prosecute, and, sua sponte, granted summary judgment to the defendant Plaza Construction Corp. dismissing the complaint insofar as asserted against it.

Ordered that on the court's own motion, the plaintiffs' notice of appeal is treated as an application for leave to appeal from so

much of the order as, sua sponte, granted summary judgment to the defendant Plaza Construction Corp. dismissing the complaint insofar as asserted against it, and leave to appeal is granted from that portion of the order (see CPLR 5701 [c]), and it is further,

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, the motion of the defendant Plaza Construction Corp. is denied, so much of the order as, in effect, searched the record and granted summary judgment to the defendant Plaza Construction Corporation is vacated, and the complaint is reinstated insofar as asserted against that defendant; and it is further,

Ordered that the plaintiffs time to serve and file a note of issue and certificate of readiness is extended until 30 days after service upon them of a copy of this decision and order.

In November 2000 this pre-note of issue action was marked inactive and disposed. In April 2003 the defendant Plaza Construction Corp. (hereinafter Plaza) served a 90-day notice upon the plaintiffs to resume prosecution (see CPLR 3216). Within the 90-day period, the plaintiffs attempted to file a note of issue. It was rejected because the action was still marked disposed. Again within the 90-day period, the plaintiffs moved to "restore" the action to active status and for leave to file a note of issue. Plaza separately moved to dismiss the complaint insofar as asserted against it for failure to prosecute pursuant to CPLR 3216 and 3126. The Supreme Court denied the plaintiffs' motion, granted Plaza's motion, and, in effect, searched the record and granted summary judgment to Plaza dismissing the complaint insofar as asserted against it.

The Supreme Court erred in denying the plaintiffs' motion to restore this action to active status. CPLR 3404 does not apply while an action is in the pre-note of issue stage (see Lopez v Imperial Delivery Serv., 282 AD2d 190, 198 [2001]). Furthermore, the plaintiffs' motion for leave to serve and file a note of issue was made within 90 days after receipt of the notice pursuant to CPLR 3216 (cf. Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-504 [1997]). In opposing the motion and supporting its motion, Plaza failed to show that pertinent pretrial discovery was incomplete or outstanding or that the plaintiffs' failure to disclose, if any, was willful and contumacious (see 22 NYCRR 202.21; Zaretz v Parker, 262 AD2d 637, 638 [1999]; Pickens v St. John's Hosp., 248 AD2d 693 [1998]; cf. Blackwell v Long Is. Coll. Hosp., 303 AD2d 615, 616 [2003]; Blake v Chawla, 299 AD2d 437, 440 [2002]; Yona v Beth Israel Med. Ctr., 285 AD2d 460 [2001]). Thus, the Supreme Court erred in granting Plaza's

motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3216 and 3126.

Finally, the Supreme Court did not have the authority, sua sponte, to grant summary judgment to Plaza dismissing the complaint insofar as asserted against it, since there was no motion for summary judgment by any party relating to the merits of the case (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429 [1996]; *Katz v Waitkins,* 306 AD2d 442, 443 [2003]; *Skyline Enters. of N.Y. Corp. v Amuram Realty Co.,* 288 AD2d 292, 293 [2001]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.