■ LAMONT WILSON, Respondent, et al., Plaintiff, v GALICIA CONTRACTING & RESTORATION CORP. et al., Defendants, and SAFWAY STEEL PRODUCTS, INC., Appellant. [829 NYS2d 554]—

In an action to recover damages for personal injuries, etc., the defendant Safway Steel Products, Inc., appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), entered June 10, 2005, which, after an inquest on the issue of damages awarding the infant plaintiff damages in the principal sums of $300,000 for past pain and suffering and $750,000 for future pain and suffering, is in favor of the infant plaintiff and against it.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by reducing the damages award for past pain and suffering from the sum of $300,000 to $200,000, and by reducing the damages award for future pain and suffering from the sum of $750,000 to $500,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The infant plaintiff was injured when he was struck in the eye by a small metal object while standing under a scaffolding located at 590 Patio Gardens in Brooklyn. The scaffolding was owned and constructed by the defendant Safway Steel Products, Inc. (hereinafter Safway). The infant plaintiff and his mother (hereinafter collectively the plaintiffs) commenced this action to recover damages, inter alia, for personal injuries, against Safway and a number of other defendants. In an order dated May 14, 2002 the Supreme Court conditionally struck Safway's answer because of Safway's continued failure to comply with discovery requests and orders. In an order dated June 18, 2003, the court set the matter down for an inquest. This Court affirmed that order (*see Wilson v Galicia Contr. & Restoration Corp.*, 8 AD3d 560 [2004]). At the time of the incident, Safway was insured by Reliance Insurance Company (hereinafter Reliance), which went

into receivership pursuant to an order of the Supreme Court, New York County, dated December 14, 2001. Safway thereafter sought to vacate the June 18, 2003 order setting the matter down for an inquest, on the grounds of fraud, misrepresentation, or other misconduct, and the May 14, 2002 order striking its answer, on the ground that it was void ab initio due to the stay entered in the receivership action. The Supreme Court denied both motions. After an inquest on the issue of damages, the Supreme Court awarded the infant plaintiff damages in the sums of $300,000 for past pain and suffering and $750,000 for future pain and suffering.

The Supreme Court properly found that Safway failed to demonstrate that the plaintiffs procured the June 18, 2003 order by means of fraud, misrepresentation, or other misconduct (*see* CPLR 5015 [a]; *see also Hall Signs v Aries Striping*, 250 AD2d 811, 812 [1998]; *Balatti v Balatti*, 232 AD2d 593 [1996]). Safway was attempting to present a defense where it otherwise would not be entitled to, as its answer was stricken. There was no evidence that the plaintiffs' complaint was fraudulent or that the plaintiffs attempted to mislead the court in an effort to procure the judgment.

The Supreme Court also properly determined that the order striking Safway's answer was not void ab initio based upon the stay entered in the receivership action. The order imposed a stay on actions in which Reliance was legally obligated to defend its insured or another party by virtue of its insurance contract. Here, Reliance was not obligated to defend Safway as Safway had a self-insured retention agreement, never tendered its full policy limits or exhausted those limits by payment, and the policy specifically provided that Reliance had no duty to defend where its coverage was excess over any other insurance. Because Safway failed to demonstrate that the stay imposed in the receivership action was applicable to the instant action, the Supreme Court properly determined that said order did not enjoin or restrain the instant action.

The damages awarded were excessive to the extent indicated herein.

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.