■ ROSSROCK FUND II, L.P., Respondent, v NORLIN CORPORATION et al., Appellants, et al., Defendants. [11 NYS3d 104]—

In an action to foreclose a mortgage, the defendants Norlin Corporation and Hyacinth Simms appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated March 4, 2010, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Norlin Corporation, and (2) so much of an order of the same court dated December 19, 2012, as denied those branches of their motion which were pursuant to CPLR 5015 (a) (3) to vacate that portion of the order dated March 4, 2010, and so much of a judgment of foreclosure and sale of the same court dated November 29, 2011, as is in favor of the plaintiff and against them.

Ordered that the appeal from the order dated March 4, 2010, is dismissed; and it is further,

Ordered that the order dated December 19, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Norlin Corporation and Hyacinth Simms.

The appeal from the intermediate order dated March 4, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Moreover, the appeal by Hyacinth Simms from that order must be dismissed on the additional ground that she was not aggrieved by that order, as that order did not award the plaintiff summary judgment on the complaint insofar as asserted against Simms.

The Supreme Court properly denied those branches of the motion of Norlin Corporation (hereinafter Norlin) and Hyancinth Simms which were to vacate so much of an order dated March 4, 2010, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Norlin, and so much of the judgment of foreclosure and sale as is in favor of the plaintiff and against them. To prevail on a motion pursuant to CPLR 5015 (a) (3) to vacate an order granting summary judgment in a foreclosure action and a judgment of foreclosure and sale, the proponent must establish that the opponent procured the order and the judgment of foreclosure and sale by fraud, misrepresentation, or other misconduct (see Wells Fargo Bank N.A. v Hornes, 94 AD3d 755 [2012]; Midfirst Bank v Al-Rahman, 81 AD3d 797 [2011]; Tribeca Lending Corp. v Crawford, 79 AD3d 1018 [2010]). "[I]t is well established that a party seeking to set aside a judgment on the basis of fraud 'will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured'" (Cofresi v Cofresi, 198 AD2d 321, 321 [1993], quoting Bell v Town Bd. of Town of Pawling, 146 AD2d 729, 730 [1989]; see Hall Signs v Aries Striping, 250 AD2d 811, 811 [1998]).

Norlin and Simms did not establish or allege that the order dated March 4, 2010, or the judgment of foreclosure and sale were procured by fraud, misrepresentation, or other misconduct. At most, Norlin and Simms allege fraud, misrepresentation, or other misconduct by the plaintiff in the underlying transaction. Accordingly, their allegations are insufficient to warrant vacating the order and the judgment under CPLR 5015 (a) (3). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.