Steven F. Behan, Appellant, v Helena Veronica Behan et al., Respondents. [42 NYS3d 339]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated October 15, 2013, and (2) an order of that court dated July 23, 2014. The order dated October 15, 2013, granted the plaintiff's motion to restore the action to the calendar only to the extent of directing a settlement conference, and, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Anne Hoffman. The order dated July 23, 2014, in effect, denied the plaintiff's motion for leave to renew and reargue his motion to restore the action to the calendar, and, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Helena Veronica Behan.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated October 15, 2013, as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Anne Hoffman, and from so much of the order dated July 23, 2014, as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Helena Veronica Behan are deemed to be applications for leave to appeal from those portions of the orders, and leave to appeal from those portions of the orders is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated October 15, 2013, is reversed, on the law, and the plaintiff's motion to restore the action to the calendar is granted; and it is further,

Ordered that the appeal from so much of the order dated July 23, 2014, as, in effect, denied that branch of the plaintiff's motion which was for leave to reargue his motion to restore the

action to the calendar is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated July 23, 2014, as, in effect, denied that branch of the plaintiff's motion which was for leave to renew his motion to restore the action to the calendar is dismissed as academic in light of our determination on the appeal from the order dated October 15, 2013; and it is further,

Ordered that the order dated July 23, 2014, is reversed insofar as reviewed, on the law; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In August 2006, the plaintiff, Steven F. Behan (hereinafter the husband), commenced an action for a divorce and ancillary relief against the defendant Helena Veronica Behan (hereinafter the wife). Pursuant to a May 2007 stipulation of settlement, the wife agreed to pay the husband the sum of $200,000 in exchange for his interest in Kelron, Inc., doing business as Grafton Street Pub (hereinafter Kelron). The stipulation provided for a schedule of payments to be made by the wife in the total sum of $200,000, and that all of the payments could be deemed immediately due if the wife defaulted on a payment. In June 2007, the wife allegedly sold her entire interest in Kelron to Anne Hoffman for the sum of $10,000, and failed to make any further payments to the husband pursuant to the stipulation.

In December 2010, the husband commenced this action against the wife and Hoffman, inter alia, to set aside the wife's transfer of her interest in Kelron to Hoffman as a fraudulent conveyance, and to recover damages from the wife and Hoffman for fraud. The husband alleged that the total value of Kelron was $400,000, and that the wife's ownership interest in Kelron was to be held as collateral in the event of her default on the payments due pursuant to the 2007 stipulation. He further alleged that the wife "avoided compliance" with the stipulation by purporting to sell her entire interest in Kelron to Hoffman for the sum of only $10,000.

At the request of the parties, the Supreme Court held a framed-issue hearing on the sole issue of whether the wife had any interest in Kelron as of December 28, 2010, the date of filing of the complaint in this action. The hearing court advised the parties that it would not consider the issue of whether a fraudulent transfer of the wife's interest in Kelron had occurred. On November 29, 2012, the hearing court found that the wife did not have any ownership interest in Kelron as of December 28, 2010. On January 3, 2013, the action was marked

off the calendar, with a reference to November 29, 2012, the date of the hearing court's finding.

In July 2013, the husband moved to restore the action to the calendar, arguing that the court's finding at the framed-issue hearing did not dispose of all issues in the action, as the hearing court had stated that it would not consider the issue of whether a fraudulent transfer of the wife's interest in Kelron had occurred. In an order dated October 15, 2013, the Supreme Court granted the husband's motion only to the extent of directing the parties to appear for a settlement conference, and, sua sponte, directed the dismissal of the complaint insofar as asserted against Hoffman. The court stated that as a result of finding that the wife "did not own any stock in the business," "[t]he balance of any and all claims of the [husband] are now solely against [the wife]."

Thereafter, the husband moved for leave to renew and reargue his motion to restore the action to the calendar. In an order dated July 23, 2014, the Supreme Court, in effect, denied the husband's motion, and, sua sponte, directed the dismissal of the action insofar as asserted against the wife. The court stated that it had "already conducted a lengthy hearing on all of the issues that have anything to do with this particular case," that "[t]here is nothing left for [it] to do," and that "there is no fraudulent conveyance whatsoever."

Contrary to the defendants' contentions, the Supreme Court should have granted the husband's motion to restore the action to the calendar. The calendar procedures of CPLR 3404 do not apply to this pre-note of issue action (see Florexile-Victor v Douglas, 135 AD3d 903, 903 [2016]; Kapnisakis v Woo, 114 AD3d 729 [2014]; Torres v Nu-Way Mach. Corp. Co., 296 AD2d 545 [2002]; Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]), no 90-day notice was ever issued pursuant to CPLR 3216, and no order was issued dismissing the action under 22 NYCRR 202.27 (see Florexile-Victor v Douglas, 135 AD3d at 903; Countrywide Home Loans, Inc. v Gibson, 111 AD3d 875 [2013]; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658 [2012]).

The husband moved to restore the action to the calendar and to proceed to trial to determine whether the conveyance to Hoffman was fraudulent. The Supreme Court erred in, sua sponte, directing the dismissal of the complaint insofar as asserted against each of the defendants in the absence of a motion seeking such relief by any party on the merits (cf. Sylvester v New Water St. Corp., 16 AD3d 486, 488 [2005]; Katz v Waitkins, 306 AD2d 442, 443 [2003]). Contrary to the defend-

ants' contentions, the court did not treat the husband's motion for leave to reargue and renew as a motion for summary judgment, stating that it had "already conducted a lengthy hearing on all of the issues that have anything to do with this particular case." Moreover, contrary to the court's finding, the hearing court had expressly stated that the sole issue to be decided at the framed-issue hearing was whether the wife had any interest in Kelron as of December 28, 2010, without consideration of whether the defendants had perpetrated a fraudulent conveyance of the wife's interest in Kelron. Thus, the hearing court's finding was not dispositive of the claims asserted against the defendants based on the defendants' allegedly fraudulent conduct.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying the husband's motion to restore the action to the calendar, and, sua sponte, directing the dismissal of the complaint insofar as asserted against each of the defendants. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.