Krajcik v Jacono (2022 NY Slip Op 00413)





Krajcik v Jacono


2022 NY Slip Op 00413


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-04436
 (Index No. 7691/11)

[*1]Rozlyn Krajcik, etc., appellant,
v
Andrew Jacono, etc., et al., respondents.


Rozlyn Krajcik, Poughquag, NY, appellant pro se.
Gabriele & Marano, LLP, Garden City, NY (Melissa Goldberg and Jeffrey DeGeorges of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated February 13, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(2) and (3) to vacate a judgment of the same court (F. Dana Winslow, J.) entered July 16, 2015, upon a jury verdict, in favor of the defendants and against the plaintiff dismissing the amended complaint, and thereupon, for a new trial, and to refer the matter to the Nassau County District Attorney to investigate allegations of perjury.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2010, the plaintiff commenced this action sounding in medical malpractice to recover damages for injuries she allegedly sustained as a result of a mid-face lift performed by the defendant Andrew Jacono at the defendant medical facility, New York Center for Facial, Plastic and Reconstructive Surgery. After a jury trial, the jury rendered a verdict in favor of the defendants, finding that Jacono did not depart from good and accepted medical practice by causing injury to two or more branches of the plaintiff's 7th cranial nerve. A judgment was entered on July 16, 2015, in favor of the defendants and against the plaintiff dismissing the amended complaint. In August 2018, the plaintiff moved, pro se, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the judgment, and thereupon, for a new a trial, and to refer the matter to the Nassau County District Attorney to investigate allegations of perjury against Jacono. The defendants opposed the motion. In an order dated February 13, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals. We affirm.
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was pursuant to CPLR 5015(a)(2) to vacate the judgment. The plaintiff failed to establish that, even if the proffered evidence was new within the meaning of CPLR 5015(a)(2), the evidence "is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached" (Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 641-642 [internal quotation marks omitted]; see Whynn v Crapotta, 143 AD3d 812, 813; Politopoulos v City of New York, 130 AD3d [*2]706, 707). Furthermore, because the plaintiff failed to meet her burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the defendants, the court properly denied that branch of her motion which sought vacatur pursuant to CPLR 5015(a)(3) (see SNC Props., LLC v DeMartino, 185 AD3d 750, 752; Politopoulos v City of New York, 130 AD3d at 707).
Additionally, we discern no basis to disturb the Supreme Court's provident exercise of discretion in declining to refer this matter to the Nassau County District Attorney to investigate allegations of perjury against Jacono (see generally Stow v Stow, 262 AD2d 550, 551).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court