Thomas v Gray (2023 NY Slip Op 03722)

Thomas v Gray

2023 NY Slip Op 03722

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-01441
 (Index No. 29491/08)

[*1]Robert Thomas, respondent,
v
Rita Gray, appellant.

McLoughlin O'Hara Wagner & Kendall LLP, New York, NY (Daniel M. O'Hara of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a lease and purchase option agreement therein, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 12, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(2) and (3) to vacate a second amended judgment of the same court (David I. Schmidt, J.) dated February 4, 2015, in favor of the plaintiff and against the defendant on the cause of action for specific performance of the purchase option agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, for specific performance of a purchase option agreement. After a nonjury trial, the Supreme Court, in effect, dismissed the complaint. However, in a decision and order dated October 29, 2014, this Court reversed and remitted the matter for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant on the cause of action for specific performance of the purchase option agreement (see Thomas v Gray, 121 AD3d 1091). A second amended judgment was entered upon this Court's decision and order. In June 2019, the defendant moved, among other things, pursuant to CPLR 5015(a)(2) and (3) to vacate the second amended judgment. The Supreme Court, inter alia, denied those branches of the motion, and the defendant appeals.
A party seeking to vacate an order or judgment pursuant to CPLR 5015(a)(2) on the ground of newly discovered evidence must establish, inter alia, that the newly discovered evidence "is material, is not merely cumulative, is not of such a nature as would merely impeach the credibility of an adverse witness and that it would probably change the result previously reached" (Krajcik v Jacono, 201 AD3d 908, 909 [internal quotation marks omitted]). Here, the new evidence submitted by the defendant would merely impeach the plaintiff's credibility (see id. at 909; Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 641-642; Matter of Catapano, 17 AD3d 673, 674). CPLR 5015(a)(3) provides that the court which rendered a judgment or order may relieve a party from it upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "CPLR 5015 permits vacatur of a judgment for fraud in the procurement of the judgment itself, not for the fraud alleged in the pleadings" (Dunkin' Donuts v HWT Assoc., 181 AD2d 713, 714). Here, the fraud and misconduct alleged by the defendant does not relate to the procurement of the judgment itself (see Yellow Brook of N.Y., L.P. v Cataldo, 106 AD3d 1080, 1081; Hall Signs v Aries [*2]Striping, 250 AD2d 811, 811-812; Fidelity N.Y., FSB v Hanover Cos., 162 AD2d 582, 583).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(2) and (3) to vacate the second amended judgment.
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.

2020-01441 DECISION & ORDER ON MOTION
Robert Thomas, respondent,
v Rita Gray, appellant.
(Index No. 29491/08)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Kings County, dated September 12, 2019, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated November 27, 2020, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court