Behan v Behan

2026 NY Slip Op 03137

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven Francis Behan, appellant,

v

Helena Veronica Behan, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-04931, (Index No. 45442/10)

Francesca E. Connolly, J.P.

Paul Wooten

Lourdes M. Ventura

Phillip Hom, JJ.

Richard A. Kraslow, P.C., Melville, NY, for appellant.

Patrick C. McCarthy, Hauppauge, NY, for respondent Helena Veronica Behan.

Gayle A. Mandaro, Westbury, NY, for respondents Ronald Hoffman and Kelly Grammatopoulos.

[*1]

DECISION & ORDER

In an action to set aside an allegedly fraudulent conveyance pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 7, 2022. The order denied the plaintiff's motion, in effect, to reopen a framed-issue hearing on the issue of whether the defendant Helena Veronica Behan had any interest in Kelron Lounge, Inc., doing business as Grafton Street Pub, as of December 28, 2010, based on newly discovered evidence, fraud, misrepresentation, or other misconduct.

ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Behan v Behan, 145 AD3d 653). As relevant to this appeal, in February 2021, the plaintiff moved, in effect, to reopen a framed-issue hearing held in November 2012 on the issue of whether the defendant Helena Veronica Behan had any interest in Kelron Lounge, Inc., doing business as Grafton Street Pub, as of December 28, 2010, the date of filing of the complaint in this action, based on newly discovered evidence, fraud, misrepresentation, or other misconduct. In an order dated June 7, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

The evidence submitted by the plaintiff in support of his motion did not constitute newly discovered evidence. The record demonstrates that the plaintiff possessed this evidence prior to the framed-issue hearing (see Sieger v Sieger, 51 AD3d 1004, 1005). Moreover, to the extent the plaintiff contends that this evidence was not in his possession at the time of the framed-issue hearing, he failed to adequately explain why the purportedly newly discovered evidence could not have been procured earlier through the exercise of due diligence (see U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 697; NRT N.Y., LLC v 289 Parsonage Lane, LLC, 221 AD3d 1018, 1020). Further, the plaintiff failed to establish that the defendants engaged in fraud, misrepresentation, or other misconduct with respect to the framed-issue hearing (see Thomas v Gray, 218 AD3d 516, 517). Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to reopen the [*2]framed-issue hearing.

CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court