■ FIDELITY NEW YORK, FSB, Respondent, v HANOVER COMPANIES, INCORPORATED, Appellant. (Action No. 1.) FIDELITY NEW YORK, FSB, Respondent, v GERALD GUTERMAN & CO. INC., Appellant. (Action No. 2.) FIDELITY NEW YORK, FSB, Respondent, v GERALD GUTERMAN, Appellant. (Action No. 3.)— In three related actions to recover on promissory notes, the defendants appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated December 9, 1988, which denied their motion to vacate judgments entered against them.

Ordered that the order is affirmed, with costs.

The judgments entered against the defendants were based on three promissory notes. In their motion to vacate those

judgments, the defendants alleged that one of the promissory notes and a rider bear forged signatures. The defendants do not dispute that the loans were made, and they concede their indebtedness. Their moving papers do not allege that the judgments themselves were procured by fraud (see, CPLR 5015 [a] [3]). Moreover, the evidence purportedly establishing fraud with respect to the execution of the promissory notes was readily obtainable at the time the actions were commenced. The allegations of fraud are nothing more than newly interposed theories of defense which could and should have been asserted prior to the entry of the judgments (see, Central Funding Co. v Kimler, 54 AD2d 748; Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., 128 AD2d 821).

Moreover, the defendants' excuse of inadvertence due to the press of time in originally responding to the motions for summary judgment in lieu of complaint is unavailing as the defendants took over 30 days to prepare their initial responses and an additional two weeks to serve additional papers (see, Habacht v Caroccia, 133 AD2d 338). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.