SNC Props., LLC v DeMartino (2020 NY Slip Op 03816)





SNC Props., LLC v DeMartino


2020 NY Slip Op 03816


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-00839
 (Index No. 31518/10)

[*1]SNC Properties, LLC, respondent, 
v
Frank DeMartino, et al., appellants.


Bryan Ha, White Plains, NY, for appellants.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has a superior right to the defendant's to possess certain premises, the defendants appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 31, 2018. The order, in effect, denied the defendants' motion, among other things, pursuant to CPLR 5015(a)(3) to vacate two orders of the same court dated April 9, 2012, and November 15, 2012, respectively.
ORDERED that the order entered October 31, 2018, is affirmed, with costs.
In this action, the plaintiff, SNC Properties, LLC (hereinafter SNC), obtained an order dated June 24, 2011, granting its motion to permit it to dispose of the defendants' personal property stored on its premises (hereinafter the disposal order). The disposal order directed SNC to dispose of the defendants' personal property if the defendants did not remove their property from the premises within 10 days of service of the order. After the defendants failed to remove their property from SNC's premises in the time allotted pursuant to the disposal order, the defendants moved for leave to reargue their opposition to SNC's motion to dispose of their personal property. In an order dated April 9, 2012, the Supreme Court denied the defendants' motion for leave to reargue (hereinafter the reargument order). SNC subsequently moved to discontinue this action, and in an order dated November 15, 2012, the court granted the motion without opposition (hereinafter the order of discontinuance).
In October 2014, the defendants commenced a separate action, alleging, inter alia, that the reargument order had been fraudulently obtained. In an order entered September 28, 2015, the Supreme Court, inter alia, granted that branch of the motion of Concetta Lomonaco, SNC, Stenis Lomonaco, Heavy Construction Co., Inc., Paul Golden, Esq., and Hagan, Coury & Associates which was for summary judgment dismissing the complaint insofar as asserted against them. On appeal, this Court held that the Supreme Court's determination was proper because the moving defendants established their prima facie entitlement to summary judgment dismissing, among other things, the cause of action alleging fraud by demonstrating that the plaintiffs were merely attempting to collaterally attack an order issued in the then underlying action and in opposition, the plaintiffs failed to raise a triable issue of fact (see DeMartino v Lomonaco, 155 AD3d 686, 687-688).
Almost seven months later, on June 7, 2018, the defendants moved in this action, [*2]inter alia, pursuant to CPLR 5015(a)(3) to vacate the reargument order and the order of discontinuance on the ground that they were procured by fraud because SNC's representatives and SNC's attorney allegedly lied to the Supreme Court about disposing of the defendants' property. The court, in effect, denied the motion, and the defendants appeal.
We agree with the Supreme Court's determination, in effect, denying that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the reargument order and the order of discontinuance. An order may not be vacated on the grounds of fraud or misconduct where, as in this case, the moving parties had knowledge of the fraud or misconduct before the order was issued (see Linder v Linder, 297 AD2d 710, 711). Here, the defendants had knowledge of the alleged fraud or misconduct of SNC before the court granted SNC's unopposed motion to discontinue the action. Moreover, the defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time (see Long Is. Capital Mgt. Corp. v Silver Sands Motel, Inc., 167 AD3d 857, 859), and failed to satisfy their burden of establishing that the orders at issue were procured by fraud, misrepresentation, or other misconduct (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894-895; Golden First Bank v Tal, 136 AD3d 974).
In light of our determination, we need not reach the defendants' remaining contentions.
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court