Shah v N.Y. State Off. of Mental Health (2021 NY Slip Op 06385)





Shah v N.Y. State Off. of Mental Health


2021 NY Slip Op 06385


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-08821
 (Index No. 112/16)

[*1]Bhupendra K. Shah, appellant, 
v
N.Y. State Office of Mental Health, et al., respondents.


Bhupendra K. Shah, Pearl River, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated October 19, 2020. The order, in effect, denied the plaintiff's motion pursuant to CPLR 5015(a)(3) to vacate a prior order of the same court dated September 29, 2016, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint, and denied the plaintiff's separate motion for leave to enter a default judgment.
ORDERED that the order dated October 19, 2020, is affirmed, with costs.
In May 1983, the plaintiff, who was born in India, was terminated from his employment as a research scientist with the defendant Nathan Kline Institute for Psychiatric Research (hereinafter NKI), a facility operated by the defendant N.Y. State Office of Mental Health. Since that time, the plaintiff has unsuccessfully applied for various positions with NKI. In January 2016, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of national origin. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint, inter alia, on the ground of lack of subject matter jurisdiction. In an order dated September 29, 2016, the Supreme Court granted the defendants' motion to dismiss the amended complaint.
In February 2020, the plaintiff moved pursuant to CPLR 5015(a)(3) to vacate the order dated September 29, 2016. In March 2020, upon the defendants' failure to timely oppose that motion, the plaintiff moved for leave to enter a default judgment against the defendants. The defendants opposed that motion. In an order dated October 19, 2020, the Supreme Court, in effect, denied the plaintiff's motion to vacate the order dated September 29, 2016, on the ground that the plaintiff failed to make the motion within a reasonable time, and also denied the plaintiff's motion for leave to enter a default judgment. The plaintiff appeals.
The Supreme Court properly determined that the plaintiff failed to move for vacatur under CPLR 5015(a)(3) within a reasonable time. "Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3), a party is required to make the motion within a reasonable time" (U.S. Bank N.A. v Swanson, 189 AD3d 1642, 1642 [internal quotation [*2]marks omitted]; see CPLR 5015[a][3]). Here, the record reflects that the plaintiff delayed for more than three years in moving to vacate the order dated September 29, 2016, despite his awareness of all the relevant facts pertaining to the defendants' alleged misrepresentations. Under such circumstances, the plaintiff's delay in moving to vacate the order dated September 29, 2016, was unreasonable (see Wells Fargo Bank, N.A. v Graffioli, 167 AD3d 969, 971). Accordingly, the court properly, in effect, denied the plaintiff's motion pursuant to CPLR 5015(a)(3) to vacate the order dated September 29, 2016.
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court