Citimortgage, Inc. v Roque (2022 NY Slip Op 01138)





Citimortgage, Inc. v Roque


2022 NY Slip Op 01138


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-09860
 (Index No. 13154/09)

[*1]Citimortgage, Inc., etc., appellant,
v
Shirley Roque, respondent, et al., defendants.


Hasbani & Light, P.C., New York, NY (Danielle P. Light of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 6, 2019. The order, in effect, denied the plaintiff's motion pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Johnny Lee Baynes, J.) dated May 25, 2016, granting the defendant's motion, inter alia, to vacate a judgment of foreclosure and sale dated July 28, 2015, and dismiss the complaint, or in the alternative, for leave to renew its opposition to the defendant's motion, which had been determined in the order dated May 25, 2016.
ORDERED that the order dated June 6, 2019, is affirmed, with costs.
On May 29, 2009, the plaintiff commenced this action to foreclose a mortgage given by the defendant Shirley Roque (hereinafter the defendant). The defendant transferred the subject property on September 9, 2011. The deed dated September 9, 2011, was recorded on October 31, 2011. Thereafter, upon the defendant's failure to appear or answer the complaint, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference. A judgment of foreclosure and sale was issued, dated July 28, 2015. By order dated May 25, 2016, the court granted the defendant's motion to vacate the judgment of foreclosure and sale, to vacate an order of reference, and to dismiss the complaint, upon concluding that the affidavit of service of the summons and complaint did not comply with CPLR 2309(c). On or about May 1, 2018, the plaintiff moved pursuant to CPLR 5015(a)(3) to vacate the order dated May 25, 2016, on the ground that the defendant misrepresented herself as the owner of the subject property, or, in the alternative, for leave to renew its opposition to the defendant's motion which had been determined in the order dated May 25, 2016. In an order dated June 6, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" [*2](Carmike Holding I, LLC v Smith, 180 AD3d at 747 [internal quotation marks omitted]; see Worrell v Parkway Estates, LLC, 43 AD3d 436, 437).
Here, the plaintiff failed to establish that the alleged new fact, to wit, that the defendant transferred ownership of the subject property in September 2011, was not available at the time of the defendant's motion which resulted in the May 25, 2016 order, since a deed evidencing such transfer was recorded in October 2011 (see Carmike Holding I, LLC v Smith, 180 AD3d at 747). Moreover, the plaintiff failed to offer a reasonable justification for failing to present the purported new fact in opposition to the defendant's motion (see id.). In that regard, any misstatements in the defendant's motion regarding her ownership of the subject property did not provide reasonable justification for the plaintiff's failure to present evidence of the transfer of ownership, as demonstrated by a deed which was recorded several years prior to entry of the judgment of foreclosure and sale. Since the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion, the court properly denied that branch of the plaintiff's motion which was for leave to renew (see id.).
Pursuant to CPLR 5015(a)(3), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person, upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. An order may not be vacated on the grounds of fraud, misrepresentation, or misconduct where the moving party had knowledge of the fraud, misrepresentation, or misconduct before the order was issued (see SNC Props., LLC v DeMartino, 185 AD3d 750, 752; Matter of Carroll v Bene, 246 AD2d 649, 649). Moreover, where allegations of fraud, misrepresentation, or misconduct, such as those asserted here, were readily obtainable prior to the time the order was issued, the allegations constitute nothing more than newly interposed theories which could have been asserted prior to issuance of the order (see Fidelity N.Y., FSB v Hanover Cos., 162 AD2d 582, 583; Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., 128 AD2d 821; Central Funding Co. v Kimler, 54 AD2d 748, 748; see also Matter of Anthony V.L. v Bernadette R., 178 AD3d 479, 480).
Here, the Supreme Court, in effect, providently denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(3), since the plaintiff failed to establish that the defendant's misrepresentations and/or failure to disclose the transfer of ownership of the property, in the papers in support of her motion, was indicative of fraud, misrepresentation, or other misconduct sufficient to warrant vacatur of the May 25, 2016 order (see Carmike Holding I, LLC v Smith, 180 AD3d at 748). In that regard, the plaintiff failed to establish that, at the time of the defendant's motion, it did not have knowledge of the transfer of ownership and/or that such knowledge was not readily available (see SNC Props., LLC v DeMartino, 185 AD3d at 752; Matter of Anthony V.L. v Bernadette R., 178 AD3d at 480).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court