Washington Mut. Bank v Baldera (2022 NY Slip Op 05230)

Washington Mut. Bank v Baldera

2022 NY Slip Op 05230

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-03033
 (Index No. 5076/08)

[*1]Washington Mutual Bank, etc., appellant,
v
Jorge Baldera, respondent, et al., defendants.

Polsinelli P.C., New York, NY (Robert H. King and Morgan C. Fiander of counsel), for appellant.
Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 14, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate an order of the same court dated July 31, 2018, made after a hearing to determine the validity of service of process, in effect, granting that branch of the motion of the defendant Jorge Baldera which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and denying that branch of plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve that defendant.
ORDERED that the order entered January 14, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage in February 2008. The defendant Jorge Baldera (hereinafter the defendant) failed to appear or answer the complaint, and the Supreme Court issued an order and judgment of foreclosure dated October 23, 2008, upon the defendant's default. In January 2009, the defendant, acting pro se, moved to vacate the order and judgment of foreclosure and sale and to stay the foreclosure sale, arguing that he was not served with the notice of sale except by publication and was in the process of refinancing or modifying the loan. In an order dated February 18, 2009, the Supreme Court denied the defendant's motion without prejudice to renew in the event a loan modification was not completed.
In October 2015, the defendant moved, inter alia, to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated March 23, 2016, the Supreme Court directed a hearing to determine the validity of service of process upon the defendant and held the defendant's motion in abeyance pending the outcome of the hearing. After the plaintiff's process server failed to appear at the scheduled hearing, in an order dated September 30, 2016, the court granted those branches of the defendant's motion which were to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
In November 2016, the plaintiff moved, inter alia, to vacate the order dated September [*2]30, 2016, and pursuant to CPLR 306-b to extend the time to serve the defendant. In an order dated May 23, 2017, the Supreme Court granted that branch of the motion which was to vacate the order dated September 30, 2016, and restored the matter to the calendar for a hearing to determine the validity of service of process upon the defendant. After the hearing, in an order dated July 31, 2018, the court found that service of process was not properly made upon the defendant, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, and denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant.
In April 2019, the plaintiff moved, inter alia, to vacate the order dated July 31, 2018. In an order entered January 14, 2020, the Supreme Court, among other things, denied that branch of the motion. The plaintiff appeals.
Pursuant to CPLR 5015(a)(3), the court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party." Where allegations of fraud, misrepresentation, or misconduct were readily obtainable prior to the time the order was issued, the allegations constitute nothing more than newly interposed theories that could have been asserted prior to issuance of the order (see Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042-1043; Fidelity N.Y., FSB v Hanover Cos., 162 AD2d 582, 583).
Here, the Supreme Court providently denied that branch of the plaintiff's motion which was to vacate the order dated July 31, 2018, on the ground of fraud, misrepresentation, or other misconduct pursuant to CPLR 5015(a)(3), since the plaintiff failed to satisfy its burden of establishing that the order was procured through fraud or other misconduct (see HSBC Bank USA, N.A. v Kahan, 202 AD3d 941, 943; Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 885, 885). Moreover, the plaintiff's allegations of fraud, misrepresentation, and misconduct were nothing more than newly interposed theories of defense that could and should have been asserted prior to the order dated July 31, 2018 (see Citimortgage, Inc. v Roque, 202 AD3d at 1043; Fidelity N.Y., FSB v Hanover Cos., 162 AD2d at 583).
In addition to the grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment or order "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see MTGLQ Invs., L.P. v Balan, 203 AD3d 717, 719). "This discretion is reserved for 'unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891; see PennyMac Corp. v Sellitti, 193 AD3d 959, 959). "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692-693).
Here, the Supreme Court providently denied that branch of the plaintiff's motion which was to vacate the order dated July 31, 2018, in the interest of justice, since the plaintiff failed to demonstrate any basis to invoke the court's inherent power to vacate the order in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d at 68; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 693; Citimortgage, Inc. v Maldonado, 171 AD3d 1007, 1009).
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.

2020-03033 DECISION & ORDER ON MOTION
Washington Mutual Bank, etc., appellant,
v Jorge Baldera, respondent, et al., defendants.
(Index No. 5076/08)

Appeal from an order of the Supreme Court, Queens County, entered January 14, 2020. Motion by the respondent, inter alia, to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated October 23, 2020, the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument is denied.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court