Midland Funding, LLC v Price (2024 NY Slip Op 50154(U))

[*1]

Midland Funding, LLC v Price

2024 NY Slip Op 50154(U)

Decided on February 15, 2024

City Court Of Buffalo, Erie County

Town, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
City Court of Buffalo, Erie County

Midland Funding, LLC DBA IN New York as MIDLAND FUNDING OF DELAWARE LLC A/P/O TARGET NATIONAL BANK, Plaintiffs,

against
Raquel Price, AKA RAQUEL L. PIRELA, Defendant.

Index No. CV-007951-11/BU

Tess E. Gunther, Esq. Attorney for Plaintiff
Raquel Osteen Pro se With Assistance of CLARO-Buffalo Matthew Parham, Esq.

Rebecca L. Town, J.

Motion to vacate default judgment pursuant to CPLR 5015 (a) (4) and dismiss the action under CPLR 3211 (a) (2), (a) (3), (a) (7), and (a) (8). It is hereby ordered that Defendant's motion is GRANTED and the instant action is DISMISSED.
 DISCUSSION
Generally, this Court will not entertain a motion to vacate a default judgment where an unreasonable period of time has lapsed between the entry of default and the motion to vacate (see Matter of Shah v NY State Off. Of Mental Health, 199 AD3d 955 [2d Dept 2021]). The operative policy behind this approach "furthers the compelling interest of granting finality to judgments or orders, and, in doing so, enshrines the important policy purposes of maintaining legitimacy, stability, and predictability of outcomes in our legal system" (Cornerstone Community Fed. Credit Union v Mukasakindi, 79 Misc 3d 1219 (A) [Buffalo City Ct 2023]).
At first glance, the passage of more than twelve years between the entry of default and the instant motion is highly suggestive of the need to deny this motion under Cornerstone. The facts here, however, clearly distinguish the instant matter from Cornerstone. Where, as in Cornerstone, the movant Plaintiff maintained full custody of the file during the entire lapsed period between the default judgment and vacatur motion, a complete review of the record here [*2]clearly establishes that the Defendant failed to have been properly served with the default judgment. As a consequence of this, Plaintiff has failed to establish that Defendant was in custody of the relevant legal materials to bring this motion at an earlier date. For this reason, and that there is no statutory time bar for bringing this motion, this Court finds that the motion was made within a reasonable time under the circumstances.
In the tapestry of American jurisprudence, standing is a fundamental threshold issue that must be satisfied for any court to entertain jurisdiction in the matter before it. Standing and jurisdiction are inseparable companions in the concept of law; where there exists no standing for a party to bring suit, it follows as a necessary condition that the court has no jurisdiction to adjudicate the dispute. Here, Plaintiff provided no proof in admissible form that an assignment of the debt to the Plaintiff occurred which was necessary to establish its standing to sue, which would had to have included a full chain of title. Without such proof, plaintiff has failed to establish standing, which renders all subsequent litigation against the Defendant a nullity (NCO Portfolio Mgt. v Wilson, 2014 NY Misc LEXIS 5648 at *2 [Buffalo City Court. Dec. 10, 2014]). Thus, the original default judgment was a nullity and it is most appropriate for this Court to exercise its discretion in granting (i) Defendant's motion to vacate the default judgment and (ii) Defendant's motion to dismiss the action pursuant to CPLR 3211.

 CONCLUSION
For the foregoing reasons, Plaintiff's motion to vacate the default judgment in this matter is GRANTED in its entirety, the default judgment is VACATED and this matter is DISMISSED.
E N T E R
Dated: February 15, 2024
Buffalo, New York
Hon. Rebecca L. Town