Matter of People of the State of New York v VDARE Found., Inc. (2024 NY Slip Op 02383)

Matter of People of the State of New York v VDARE Found., Inc.

2024 NY Slip Op 02383

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 453196/22 Appeal No. 2185 Case No. 2024-00015 

[*1]In the Matter of People of the State of New York, by Letitia James, etc., Petitioner-Respondent,
v
VDARE Foundation, Inc., Respondent-Appellant.

Frederick C. Kelly, Goshen, for appellant.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered December 12, 2023, which, to the extent appealed from as limited by the briefs, denied respondent's cross-motion for vacatur of Supreme Court's prior order compelling compliance with an investigative subpoena issued by petitioner, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in declining to vacate its prior order granting petitioner's motion to compel compliance with its investigative subpoena, which was recently affirmed by this Court (Matter of People v VDARE Found., Inc., 224 AD3d 516 [1st Dept 2024]). Respondent now asserts that Supreme Court should have vacated the prior order to compel pursuant to CPLR 5015(a)(3), which permits a court to relieve a party of an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party" (see generally Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]). However, such a motion must be timely made, and there must be justification for the failure to challenge the purportedly fraudulent or misleading statements at the time they were made (see e.g. Deutsche Bank Natl. Trust Co. v Williams, 177 AD3d 505, 506 [1st Dept 2019]). The order may not be vacated on CPLR 5015(a)(3) grounds "where the moving party had knowledge of the fraud, misrepresentation, or misconduct before the order was issued" (Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042 [2d Dept 2022]). Because respondent's argument centers around petitioner's purported misrepresentations of facts about respondent itself, it is clear that, as the moving party, respondent was well aware of any alleged misrepresentations long before the order was issued.
Nor does respondent demonstrate by clear and convincing evidence that petitioner, to the extent any misrepresentations may have been made, acted with knowledge that its representations to the court were false when it made its motion to compel (see CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 320 [2014]; Citimortgage, Inc. v Roque, 202 AD3d at 1043). Moreover, we previously concluded that petitioner's subpoena reasonably related to a proper subject of inquiry, even in light of respondent's arguments regarding petitioner's alleged misstatements and fraud in its prior appeal. Under these circumstances, reexamination of the issue is foreclosed (see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]).
We have considered respondent's remaining arguments and find them
unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024