Wells Fargo Bank, NA v Stewart (2024 NY Slip Op 03777)

Wells Fargo Bank, NA v Stewart

2024 NY Slip Op 03777

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05939
 (Index No. 884/10)

[*1]Wells Fargo Bank, NA, respondent,
v
Fitzpatrick Stewart, etc., appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Stein, Wiener & Roth, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fitzpatrick Stewart appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 6, 2022. The order denied that defendant's motion to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304, pursuant to CPLR 5015(a) or in the interest of justice to vacate his default in answering the complaint, pursuant to CPLR 3012(d) for leave to serve a late answer, and to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Fitzpatrick Stewart (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant did not answer the complaint, but appeared in this action through counsel and participated in settlement conferences for three years. During settlement conferences, a loan modification was offered pursuant to which the defendant made several payments, but the plaintiff failed to finalize the modification. The special referee overseeing the settlement conferences found that the plaintiff had negotiated in bad faith, warranting sanctions.
In March 2022, the defendant moved to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304, pursuant to CPLR 5015(a) or in the interest of justice to vacate his default in answering the complaint, pursuant to CPLR 3012(d) for leave to serve a late answer, and to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804. In an order dated June 6, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 5015(a), "[a] defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739 [internal quotation marks omitted]; see CPLR 5015[a)][1]; U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237). Here, the Supreme Court properly determined that the defendant's participation in settlement conferences and the plaintiff's bad faith negotiations did not constitute a reasonable excuse for his default (see Bank of N.Y. Mellon v Daniels, 180 AD3d at 739; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109). The defendant failed [*2]to explain how the settlement conferences and the plaintiff's bad faith negotiations precluded him from answering the complaint before engaging in the settlement conferences or in the nine years since the conferences concluded (see Karalis v New Dimensions HR, Inc., 105 AD3d 707, 708; American Shoring, Inc. v D.C.A. Constr., Ltd., 15 AD3d 431, 431). Because the defendant failed to establish a reasonable excuse for his default in answering the complaint, it is unnecessary to consider whether he established the existence of a potentially meritorious defense (see Bank of N.Y. Mellon v Daniels, 180 AD3d at 739; Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 492).
Moreover, the instant action does not present "unique or unusual circumstances" that warrant vacating the defendant's default in the interest of justice (Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280 [internal quotation marks omitted]; see Cox v Marshall, 161 AD3d 1140, 1142).
The Supreme Court also properly denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304. "The defendant is precluded from raising arguments regarding . . . RPAPL 1304 which are nonjurisdictional and cannot be raised without first vacating [his] default" (Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; see U.S. Bank Trust, N.A. v Aulder, 219 AD3d 666, 668).
The defendant's contention that the plaintiff is required to provide an undertaking is without merit. General Business Law § 394-a(2) and Uniform Commercial Code § 3-804 are inapplicable since the plaintiff demonstrated the existence of the consolidated note.
Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304, pursuant to CPLR 5015(a) or in the interest of justice to vacate his default in answering the complaint, pursuant to CPLR 3012(d) for leave to serve a late answer, and to direct the plaintiff to provide an undertaking pursuant to General Business Law § 394-a(2) and Uniform Commercial Code § 3-804.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court