Clerveaux v Kensington Ins. Co. (2025 NY Slip Op 00080)

Clerveaux v Kensington Ins. Co.

2025 NY Slip Op 00080

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-09764
 (Index No. 601223/22)

[*1]Jean Clerveaux, et al., respondents, 
v
Kensington Insurance Company, appellant.

Sobel Pevzner, LLC, New York, NY (Lance Ringer and Anthony Orlich of counsel), for appellant.
Greenblatt Agulnick Kremin P.C., Melville, NY (Scott E. Agulnick, Todd D. Kremin, and Adina Grodsky of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated November 9, 2022. The order denied the defendant's motion for leave to renew its opposition to the plaintiffs' prior motion for a preliminary injunction, which had been granted in an order of the same court dated March 29, 2022.
ORDERED that the order dated November 9, 2022, is affirmed, with costs.
This action arises out of a fire that damaged the plaintiffs' home in Huntington Station on May 21, 2021. As a result of the fire, the plaintiffs, along with the family members who lived with them, were forced to find temporary housing. The defendant, Kensington Insurance Company, which had issued a homeowner's insurance policy (hereinafter the policy) to the plaintiffs, arranged and paid for temporary housing for the plaintiffs by leasing a mobile home, which was placed on the plaintiffs' property. In December 2021, the defendant informed the plaintiffs that it was disclaiming coverage and rescinding the policy based on, inter alia, a material misrepresentation made on the insurance application regarding whether the plaintiffs' prior homeowner's insurance policy had been canceled.
In January 2022, the plaintiffs commenced this action against the defendant, asserting, inter alia, a cause of action to recover damages for breach of contract. The following day, the plaintiffs moved for a preliminary injunction directing the defendant to continue to pay for the aforementioned mobile home during the pendency of the action. In an order dated March 29, 2022, the Supreme Court granted the plaintiffs' motion. The defendant subsequently moved for leave to renew its opposition to the plaintiffs' motion. In an order dated November 9, 2022, the court denied the defendant's motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042). "A motion for leave to renew is not a second chance freely given [*2]to parties who have not exercised due diligence in making their first factual presentation" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747 [internal quotation marks omitted]; see Citimortgage, Inc. v Roque, 202 AD3d at 1042). Thus, "[w]hen no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674 [internal quotation marks omitted]; see Groman v Fleyshmakher, 221 AD3d 789, 790).
Here, the additional facts presented on the motion for leave to renew were all facts that were known to the defendant at the time of the plaintiffs' prior motion. Yet, the defendant did not offer any justification for the failure to present these facts in opposition to the plaintiffs' prior motion (see MD Aminul Islam v New York City Health & Hosps. Corp., 224 AD3d 819; Rose v Levine, 98 AD3d 1015). Accordingly, the Supreme Court properly denied the defendant's motion for leave to renew (see HSBC Bank USA, N.A. v Chapman, 209 AD3d 848, 849-850).
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court