Wells Fargo Bank, N.A. v Russell (2025 NY Slip Op 04271)

Wells Fargo Bank, N.A. v Russell

2025 NY Slip Op 04271

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-09846
 (Index No. 1892/17)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Donovan Russell, et al., defendants, SS Martens, Inc., et al., appellants.

Michael Kennedy Karlson, New York, NY, for appellants.
Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg and Owen M. Robinson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants SS Martens, Inc., and Sem Saint Aubin appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 18, 2022. The order denied those defendants' motion pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered October 30, 2019, and to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant SS Martens, Inc., among others, to foreclose a mortgage on certain real property located in Valley Stream. By order entered March 20, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, for an order of reference, and to add the defendant Sem Saint Aubin (hereinafter together with SS Martens, Inc., the defendants) as a party defendant. On October 30, 2019, the court entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. In September 2020, the defendants moved pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them. By order entered November 18, 2022, the court denied the defendants' motion. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly denied their motion, inter alia, to vacate the order and judgment of foreclosure and sale. CPLR 5015(a)(3) provides that the court which rendered a judgment or order may relieve a party from it upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "Where allegations of fraud, misrepresentation, or misconduct were readily obtainable prior to the time the [judgment or] order was issued, the allegations constitute nothing more than newly interposed theories that could have been asserted prior to issuance of the [judgment or] order" (Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280 [internal quotation marks omitted]; see Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042-1043). Here, the defendants' "allegations of fraud, misrepresentation, and misconduct were nothing more than newly interposed theories of defense that could and should have been asserted prior to" entry of the order and judgment of foreclosure and sale (Washington Mut. [*2]Bank v Baldera, 208 AD3d at 1280; see Fidelity N.Y., FSB v Hanover Cos., 162 AD2d 582, 583). In any event, the defendants failed to demonstrate that "the plaintiff committed fraud, made any misrepresentations, or engaged in misconduct in the course of securing the" order and judgment of foreclosure and sale (Yellow Book of N.Y., L.P. v Cataldo, 106 AD3d 1080, 1081; see Citimortgage, Inc. v Roque, 202 AD3d at 1043).
Moreover, contrary to the defendants' further contention, they were not entitled to vacatur of the order and judgment of foreclosure and sale on the ground that the plaintiff allegedly relied upon an affidavit containing inadmissible hearsay in its motion, among other things, for summary judgment on the complaint. The defendants did not oppose that motion, to assert a hearsay objection or otherwise, and they have not set forth any excuse for their default, let alone a reasonable excuse (see U.S. Bank N.A. v Morino, 207 AD3d 776, 777-778; Citimortgage, Inc. v Ramcharran, 189 AD3d 1161, 1162).
Under the circumstances of this case, which involves multiple issues, in the exercise of our discretion, we decline to apply the general rule enunciated in Bray v Cox (38 NY2d 350, 353).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court