Wilmington Sav. Fund Socy., FSB v Loubriel (2025 NY Slip Op 05123)

Wilmington Sav. Fund Socy., FSB v Loubriel

2025 NY Slip Op 05123

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-06186
 (Index No. 712243/20)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Maria Loubriel, respondent, et al., defendants.

McCarter & English, LLP, New York, NY (Jessie D. Bonaros of counsel), for appellant.
Deutsch & Schneider, LLP, Glendale, NY (William J. Fielding of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 31, 2023. The order denied the plaintiff's motion (1) pursuant to CPLR 5015(a)(3) or in the interest of justice to vacate an order of the same court (Janice A. Taylor, J.) entered February 25, 2022, denying the plaintiff's motion to confirm its compliance with so much of a prior order of the same court (Janice A. Taylor, J.) dated September 19, 2019, as directed the plaintiff to serve the summons and complaint on the defendant Maria Loubriel within 45 days of the date of the order dated September 19, 2019, or, in the alternative, to permit service on that defendant by publication and granting the cross-motion of the defendant Maria Loubriel pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or (2) for leave to renew and reargue its prior motion to confirm its compliance with so much of the order dated September 19, 2019, as directed the plaintiff to serve the summons and complaint on the defendant Maria Loubriel within 45 days of the date of the order dated September 19, 2019, or, in the alternative, to permit service on that defendant by publication, which had been denied in the order entered February 25, 2022, and its opposition to the cross-motion of the defendant Maria Loubriel pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, which had been granted in the order entered February 25, 2022, or (3) to modify the order entered February 25, 2022, so as to direct dismissal of the complaint only insofar as asserted against the defendant Maria Loubriel, to permit the plaintiff to prosecute the action against the remaining defendants, and to reinstate an order of reference and a judgment of foreclosure and sale against the remaining defendants.
ORDERED that the appeal from so much of the order entered May 31, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered May 31, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Maria Loubriel.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Wilmington Sav. Fund Socy. v Loubriel, _____ AD3d _____ [Appellate Division Docket No. 2022-02270; decided herewith]). In September 2022, the plaintiff moved (1) pursuant to CPLR 5015(a)(3) or in the interest of justice to vacate an order entered February 25, 2022, denying the plaintiff's motion to confirm its compliance with so much of a prior order dated September 19, 2019 (hereinafter the September 2019 order), as directed the plaintiff to serve the summons and complaint on the defendant Maria Loubriel (hereinafter the defendant) within 45 days of the date of the September 2019 order or, in the alternative, to permit service on the defendant by publication and granted the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or (2) for leave to renew and reargue its prior motion to confirm its compliance with so much of the September 2019 order as directed the plaintiff to serve the summons and complaint on the defendant within 45 days of the date of the September 2019 order or, in the alternative, to permit service on the defendant by publication and its opposition to the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or (3) to modify the order entered February 25, 2022, so as to direct dismissal of the complaint only insofar as asserted against the defendant, to permit the plaintiff to prosecute the action against the remaining defendants, and to reinstate an order of reference and a judgment of foreclosure and sale against the remaining defendants. In an order entered May 31, 2023, the Supreme Court denied the motion. The plaintiff appeals.
The plaintiff's appeal from so much of the order entered May 31, 2023, as denied that branch of its motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Halvatzis v Perrone, 199 AD3d 787, 788).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of its motion which was pursuant to CPLR 5015(a)(3) to vacate the order entered February 25, 2022 (see Taunton Metals of Fla., Inc. v Solutions in Stainless, Inc., 234 AD3d 726). "'CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party'" (Bank of N.Y., N.A. v Scarso, 233 AD3d 739, 740, quoting HSBC Bank USA N.A. v Kantor, 215 AD3d 643, 644; see Taunton Metals of Fla., Inc. v Solutions in Stainless, Inc., 234 AD3d 726). The plaintiff failed to satisfy its burden of establishing that the order was procured through fraud or other misconduct (see Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280; cf. Belesi v Connecticut Mut. Life Ins. Co., 272 AD2d 353, 354).
For the same reason, the plaintiff's contention that the order entered February 25, 2022, should be vacated in the interest of justice also must fail (see Washington Mut. Bank v Baldera, 208 AD3d at 1280; Cox v Marshall, 161 AD3d 1140, 1142). "In addition to the grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment or order 'for sufficient reason and in the interests of substantial justice'" (Washington Mut. Bank v Baldera, 208 AD3d at 1280, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "This discretion is reserved for 'unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891; see Spota v Cicerone, 229 AD3d 655, 656). Here, the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice (see Spota v Cicerone, 229 AD3d at 656; Cox v Marshall, 161 AD3d at 1142).
The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew. "A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion'" (Clerveaux v Kensington Ins. Co., 234 AD3d 665, 666, quoting CPLR 2221[e][2], [3]). Here, the plaintiff failed to identify new facts that would change the prior determination. The evidence proffered by the plaintiff could have been properly submitted with its reply affirmation in further support of its prior motion or in opposition to the defendant's cross-motion (see generally David v Chong Sun Lee, 106 AD3d 1044, 1045). The plaintiff did not offer any reasonable justification for its failure to do so (see CPLR 2221[e][3]; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774). In any event, the [*2]evidence proffered by the plaintiff would not have changed the outcome of the plaintiff's prior motion or the defendant's cross-motion (see CPLR 2221[e][2]; Valentine v Weber, 203 AD3d 992, 994).
Further, the Supreme Court properly denied that branch of the plaintiff's motion which was to modify the order entered February 25, 2022, so as to direct dismissal of the complaint only insofar as asserted against the defendant, to permit the plaintiff to prosecute the action against the remaining defendants, and to reinstate an order of reference and a judgment of foreclosure and sale against the remaining defendants. Under the circumstances of this case, the plaintiff's subsequent election to waive its claim for a deficiency judgment against the defendant did not change the defendant's status as a necessary party to this foreclosure action (cf. Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court