Matter of Perrenod (2025 NY Slip Op 06323)

Matter of Perrenod

2025 NY Slip Op 06323

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-08797
2022-02407

[*1]In the Matter of Frances Perrenod, deceased. Jean Perrenod Mamakos, appellant, et al., petitioner; Yvette Perrenod Ravina, etc., et al., respondents. (File No. 223/07)

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Miller Law Group, New Rochelle, NY (Jeffrey S. Kofsky of counsel), for respondent Yvette Perrenod Ravina.
Anette P. Klingman, named herein as Anette Perrenod Klingman, Norristown, Pennsylvania, respondent pro se (no brief filed).
Jessica N. Maier, Beaufort, North Carolina, respondent pro se (no brief filed).

DECISION & ORDER
In a proceeding to judicially settle accounts of the estate of Frances Perrenod, the petitioner Jean Perrenod Mamakos appeals from (1) an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated October 19, 2021, and (2) an amended final decree of the same court dated February 14, 2022. The order, insofar as appealed from, denied that branch of that petitioner's motion which was pursuant to CPLR 5015(a)(3) to vacate a final decree of the same court dated April 10, 2018. The amended final decree, inter alia, confirmed a report of a referee dated April 18, 2017, made after a hearing, directed the petitioners to pay the sum of $1,739,378.63 to Yvette Perrenod Ravina, as administrator c.t.a. of the estate, and imposed surcharges on the petitioners in the sum of $182,853.37, plus statutory interest on those sums from April 18, 2017, through the date of the amended final decree.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended final decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent Yvette Perrenod Ravina.
The appeal from so much of the order as denied that branch of the motion of the petitioner Jean Perrenod Mamakos which was pursuant to CPLR 5015(a)(3) to vacate a final decree dated April 10, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of an amended final decree dated February 14, 2022 (hereinafter the amended final decree) (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that portion of the order [*2]are brought up for review and have been considered on the appeal from the amended final decree (see CPLR 5501[a][1]).
In 2007, the petitioners filed a petition seeking the judicial settlement of the intermediate account of the estate of Frances Perrenod for the period from March 27, 2007, through October 22, 2007, which was later supplemented by an additional account for the period of October 22, 2007, through October 10, 2014. The objectants filed objections to both accountings, which included requests for surcharges against the petitioners.
Following a lengthy trial on the contested accountings before a referee appointed pursuant to SCPA 506(6)(a) and the issuance of a referee's report dated April 18, 2017, a final decree settling the accounts was issued on April 10, 2018 (hereinafter the final decree). The final decree, inter alia, confirmed the referee's report, settled the accounts, directed the petitioners to pay the sum of $1,739,378.63 to the objectant Yvette Perrenod Ravina, as administrator c.t.a. of the estate, and imposed surcharges in the sum of $182,853.37 upon the petitioners.
More than two years later, in September 2020, Mamakos moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the final decree, alleging that the final decree was procured by the objectants' fraud, misrepresentation, and misconduct. In an order dated October 19, 2021, the Surrogate's Court, inter alia, denied that branch of Mamakos' motion. On February 14, 2022, the court issued an amended final decree, among other things, confirming the referee's report, directing the petitioners to pay the sum of $1,739,378.63 to Ravina, and imposing surcharges in the sum of $182,853.37 upon the petitioners, plus statutory interest on those sums from April 18, 2017, through February 14, 2022.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (Wells Fargo Bank, N.A. v Olivo, 241 AD3d 763, 765 [internal quotation marks omitted]; see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). The determination as to whether a motion for relief from a decree was made within a reasonable time is within the court's discretion (see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225). Moreover, "[a]n order may not be vacated on the grounds of fraud, misrepresentation, or misconduct where the moving party had knowledge of the fraud, misrepresentation, or misconduct before the order was issued" (Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042, citing SNC Props., LLC v DeMartino, 185 AD3d 750, 752).
Here, the Surrogate's Court properly denied that branch of Mamakos' motion which was pursuant to CPLR 5015(a)(3) to vacate the final decree. The record reflects that Mamakos was aware of the acts that Mamakos alleged were fraudulent prior to the issuance of the final decree (see Wells Fargo Bank, N.A. v Russell, 240 AD3d 824, 825; Citimortgage, Inc. v Roque, 202 AD3d at 1043). Moreover, under the circumstances of this case, Mamakos' delay in seeking relief under CPLR 5015(a)(3) was unreasonable (see Citimortgage, Inc. v Roque, 202 AD3d at 1041; Shah v N.Y. State Off. of Mental Health, 199 AD3d 955, 956). In any event, Mamakos did not demonstrate any fraud, misrepresentation, or other misconduct warranting vacatur of the final decree (see Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280; Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 885, 885). Mamakos also failed to establish that the final decree should be vacated in the interests of substantial justice (see Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 678).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.

2021-08797 DECISION & ORDER ON MOTION
2022-02407
In the Matter of Frances Perrenod, deceased.
Jean Perrenod Mamakos, appellant, et al., petitioner;
Yvette Perrenod Ravina, etc., et al., respondents.
(File No. 223/07)

Appeals from (1) an order of the Surrogate's Court, Queens County, dated October 19, 2021, and (2) an amended final decree of the same court dated February 14, 2022. Motion by the respondent Yvette Perrenod Ravina, inter alia, to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated October 16, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's reply brief on the ground that they refer to matters dehors the record is granted to the extent that (1) the phrase "an officer of the court who has practiced appellate law for more than twenty years in various jurisdictions" contained in the second sentence of the second paragraph on page 17, (2) footnote 1 on page 20, and (3) the portion of the sentence on page 20 and 21, beginning with the words "allow the $850,000" through the end of that sentence are stricken, and have not been considered in the determination of the appeals, and that branch of the motion is otherwise denied.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court